**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

REBECCA MCCOOK,

    Plaintiff,

v.                                                 Case No. 3:17-cv-823-J-32MCR

AETNA LIFE INSURANCE
COMPANY, a Foreign Corporation,

    Defendant.

## O R D E R

This ERISA case is before the Court on Plaintiff Rebecca McCook's Motion for Summary Judgment (Doc. 17), Defendant Aetna Life Insurance Company's response (Doc. 24), Aetna's Motion for Summary Judgment (Doc. 15), McCook's response (Doc. 25), and Aetna's reply (Doc 29). On November 14, 2018, the assigned United States Magistrate Judge issued a Report and Recommendation (Doc. 30) recommending that Aetna's motion for summary judgment be granted, McCook's motion for summary judgment be denied, and the Clerk enter judgment accordingly, terminate any pending motions, and close the file. McCook objected to the R&R (Doc. 32) on various grounds, including: (1) Aetna improperly assessed McCook's ability to perform her own occupation and disregarded her job description after failing to obtain one from her employer; (2) Aetna relied on unreliable evidence, improperly favored its own medical experts, and arbitrarily disregarded McCook's reliable evidence; and (3) Aetna's

decision is unreasonable as a matter of law. Aetna filed a response (Doc. 33), arguing that the Court should overrule McCook's objections because Aetna correctly deemed McCook capable of working in her own occupation; Aetna correctly weighed the medical evidence; and McCook's federal disability benefits award by the Social Security Administration is insufficient to establish disability under the Aetna policy.

Although McCook has provided evidence that Aetna could have awarded her long term disability benefits, she has failed to establish that Aetna's denial of benefits was arbitrary and capricious. As long as Aetna has demonstrated a reasonable basis for its decision to deny benefits, "it must be upheld as not being arbitrary or capricious, even if there is evidence that would support a contrary decision." White v. Coca-Cola Co., 542 F.3d 848, 856 (11th Cir. 2008) (citation omitted). Here, despite McCook's arguments that Aetna failed to properly consider her occupation at Bank of America as a Foreclosure Specialist II, Aetna was entitled to rely on the Dictionary of Occupational Titles ("DOT") to determine how McCook's occupation was normally performed in the national economy. See Cook v. Standard Ins. Co., No. 6:08-cv-759-Orl-35DAB, 2010 WL 807443, *9-10 (M.D. Fla. Mar. 4, 2010) (stating that defendant "was entitled to rely on the DOT's classification exclusively" for its "own occupation" determination, where the plan allowed defendant to "look at the way the occupation is generally performed in the national economy"). The Court agrees with the findings of the Magistrate Judge which conclude that "[t]he additional duties and demands described by Plaintiff appear to be products of her particular work setting at [Bank of America], not her occupation as generally performed in the national economy." (Doc.

30 at 45). While McCook may have considered her job at Bank of America stressful, that does not mean that she could not perform her occupation elsewhere. See Landman v. Paul Revere Life Ins. Co., 337 F. Supp. 2d 283, 297 (D. Mass. 2004) ("However, the record does not support a conclusion that [the plaintiff's] inability to handle the stress at one firm meant that she could not perform her occupation as a legal secretary elsewhere.").

In addition, to the extent McCook argues that Aetna improperly favored its own medical experts over her treating physicians, the Eleventh Circuit has found that "[p]lan administrators need not accord extra respect to the opinions of a claimant's treating physicians." Blankenship v. Metro. Life Ins. Co., 644 F.3d 1350, 1356 (11th Cir. 2011). "Even where [McCook's] own doctors offered different medical opinions than [Aetna's] independent doctors, the plan administrator may give different weight to those opinions without acting arbitrarily and capriciously." Id.

Even taking into account Aetna's acknowledged conflict of interest, on this record, McCook has not shown that Aetna's decision to deny her long term disability benefits after December 1, 2016 was arbitrary and capricious. See Doyle v. Liberty Life Assurance Co. of Boston, 542 F.3d 1352, 1360 (11th Cir. 2008) ("the existence of a conflict of interest should merely be a factor for the district court to take into account when determining whether an administrator's decision was arbitrary and capricious"). Therefore, upon de novo review and for the reasons stated in the comprehensive and well-reasoned Report and Recommendation (Doc. 30), it is hereby

**ORDERED:**

1. McCook's Amended Objections to the Report and Recommendation (Doc. 32) are **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge (Doc. 30) is **ADOPTED** as the opinion of the Court.

3. McCook's Motion for Summary Judgment (Doc. 17) is **DENIED**.

4. Aetna's Motion for Summary Judgment (Doc. 15) is **GRANTED**.

5. The Clerk shall enter judgment for Defendant Aetna Life Insurance Company and against Plaintiff Rebecca McCook, and then close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 8th day of January, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies to:

Honorable Monte C. Richardson
United States Magistrate Judge

Counsel of record